IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAURA MOAKLER, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FURKIDS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAMANTHA DEE SHELTON, | ) | |
| INDIVIDUALLY | ) | |
| | | |
|    Defendants. | | |

_____

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Laura Moakler ("Plaintiff" or "Moakler"), by and through undersigned counsel, files this Complaint against Defendant Furkids, Inc. ("Furkids") and Defendant Samantha Shelton ("Shelton") (collectively "Defendants") and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

## II.   Jurisdiction and Venue

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

The Defendants do business in this judicial district.  Additionally, the unlawful employment practices committed by Defendants that form the basis of this lawsuit were committed within this district.

## III.   Parties and Facts

4.

Defendant FurKids is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

At all times mentioned herein, before and after, the persons responsible for perpetrating Plaintiff's discriminatory actions were agents, servants and employees of Defendants and were at all such times acting within the scope and course of

their agency and employment, and/or the actions were expressly authorized by Defendants and/or their actions were ratified by Defendants, thus making Defendants liable for said actions.

6.

At all relevant times to the facts set forth in this Complaint, separate defendants were acting as joint employers in either a joint venture capacity and undertaking to execute a common business purpose with a mutual right of control; integrated enterprise; or were successors in interest.

7.

Defendant Furkids can be served with process by serving Defendant's registered agent, Samantha Shelton, at: 2650 Pleasantdale Road, Suite 8, Atlanta, Georgia 30340.

8.

Defendant Samantha Shelton is an individual resident of Georgia and the CEO of Defendant Furkids, Inc.

9.

Defendant Shelton can be served with process at: 2650 Pleasantdale Road, Suite 8, Atlanta, Georgia 30340.

10.

Plaintiff is a resident of the State of Georgia.

11.

Defendant FURKIDS owns and operates a business at 2650 Pleasantdale Road, Suite 8, Atlanta, Georgia 30340.

12.

From August 20, 2014 to August 1, 2016, Plaintiff has been employed as a Kennel/Vet Technician ("Tech") by Defendants.

13.

Samantha Dee Shelton has an ownership interest in Defendant Fur Kids, Inc.

14.

Samantha Dee Shelton has operational control of Furkids, Inc.'s business and payroll practices.

15.

Samantha Dee Shelton conducts the day-to-day operations of Furkids, Inc.

16.

Samantha Dee Shelton is the direct supervisor of Plaintiff Moakler.

17.

Samantha Dee Shelton is the person in charge of setting the salary of Plaintiff Moakler.

18.

Samantha Dee Shelton is the person in charge of setting the work schedules of Plaintiff Moakler.

19.

Samantha Dee Shelton is a director of Defendant FurKids, Inc.

20.

Samantha Dee Shelton is an incorporator of Defendant FurKids, Inc.

21.

Samantha Dee Shelton is the Chief Executive Officer ("CEO") of Defendant Furkids, Inc.

22.

Samantha Dee Shelton is the registered agent of Defendant FURKIDS, INC.

23.

Samantha Dee Shelton is an officer of Defendant FURKIDS, INC.

24.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 <u>et seq.</u>, 29 U.S.C. § 203(e).

25.

Defendants are each an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

26.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

## **Count I**

## **Violation of 29 U.S.C. § 215(a)(3)**
**(FLSA Retaliation)**

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

On June 2, 2016, Correspondence was sent to Defendants notifying them of counsel's representation of Plaintiff regarding, *inter alia*, FLSA overtime claims.

29.

Defendants received notice of Plaintiff's counsel's representation of Plaintiff.

30.

On Sunday, June 12, 2016, Defendants wrote up Plaintiff Moakler for working past 5:00 p.m. on Wednesday, June 8, 2016.

31.

Defendants notified Plaintiff Moakler that at Furkids, overtime would only be paid unless Defendants provided written approval and approval would only be approved in the case of an emergency.

32.

Prior to June 12, 2016, Plaintiff had never been warned, written up, or disciplined for working overtime.

33.

Defendants notified Plaintiff Moakler that on Wednesday, June 8, 2016, at Furkids, she worked until 6:30 p.m. without her supervisor's permission and Plaintiff would be terminated should she work overtime again.

34.

On August 1, 2016 Plaintiff was terminated from her employment.

35.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

36.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

37.

Defendants are each a "person" under the FLSA and were prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

38.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

39.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

40.

Defendants' violations of the FLSA were willful and in bad faith.

41.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, opposing an employment practice she believed was unlawful under the FLSA, e.g. by retaining counsel and, through counsel, advising Defendant of her FLSA claim for unpaid overtime.

42.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, *to wit*: she has been intimidated, disciplined, and terminated.

43.

Defendants' retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

44.

Plaintiff's statutorily protected activity was the motivating factor in Defendants' decision to retaliate against Plaintiff.

45.

As a direct and proximate result of the retaliation, Plaintiff has suffered emotional distress, for which he is entitled to recover from Defendants.

46.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendants and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. § 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees

pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendants willfully violated the FLSA;

(D)     Grant Plaintiff leave to add additional claims if necessary; and

(E)     Award Plaintiff such further and additional relief as may be just and appropriate.


Respectfully submitted,

This 1st day of December, 2016.

**BARRETT & FARAHANY**

/s/ TK Smith
Tequiero M. "TK" Smith
Georgia Bar No. 199325

Attorney for Plaintiff Laura Moakler


1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
tksmith@JusticeAtWork.com